# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. SHENK, Individually and On Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>    – v. –<br><br>MALLINCKRODT PLC and MARK TRUDEAU,<br><br>                     Defendants. | No. 1:17-cv-00145-EGS |

(additional case captions continued on following page)

**AMALGAMATED BANK'S OPPOSITION TO THE MOTION<br>OF THE STATE TEACHERS RETIREMENT SYSTEM OF OHIO<br><u>FOR LEAVE TO FILE SUR-REPLY</u>**

| | |
|---|---|
| JYOTINDRA PATEL, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>            – v. –<br><br>MALLINCKRODT PLC and MARK TRUDEAU,<br><br>                      Defendants. | No. 1:17-cv-00171-EGS |
| AMY T. SCHWARTZ & STEPHEN A. SCHWARTZ, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiffs,<br><br>            – v. –<br><br>MALLINCKRODT PLC and MARK TRUDEAU,<br><br>                      Defendants. | No. 1:17-cv-00447-EGS |
| FULTON COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>            – v. –<br><br>MALLINCKRODT PLC, MARK TRUDEAU, and MATTHEW K. HARBAUGH<br><br>                      Defendants. | No. 1:17-cv-00534-EGS |

# TABLE OF CONTENTS

I. STRS'S MOTION FOR LEAVE TO FILE A SURREPLY SHOULD BE DENIED ....... 1

    A. STRS's Sur-Reply Improperly Seeks to Rehash and Bolster Arguments STRS Already Made in Its Reply ................................................................................ 4

    B. STRS's Proposed Sur-Reply Makes New Arguments and Injects New Facts ....... 5

    C. STRS's Attempts to Distinguish Cases Do Not Justify a Sur-Reply ...................... 7

II. CONCLUSION ............................................................................................................. 7

# TABLE OF AUTHORITIES

**CASES**

*Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 71 (D.C. Cir. 1998) ............................ 5

*Banner Health v. Sebelius*, 905 F. Supp. 2d 174 (D.D.C. 2012) ....................................... 1

*Bigwood v. U.S. Dep't of Def.*, 132 F. Supp. 3d 124 (D.D.C. 2015) ................................. 4

*CFTC v. McGraw Hill Cos.*, 507 F. Supp. 2d 45 (D.D.C. 2007) ...................................... 1

*Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46 (D.D.C. 2011) ............................... 4, 7

*DL v. Dist. of Columbia*, 109 F. Supp. 3d 12 (D.D.C. 2015) ......................................... 6

*Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75 (D.D.C. 2014) ........................................ 5

*Glass v. LaHood*, 786 F. Supp. 2d 189 (D.D.C. 2011) ................................................. 3

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) ....................................... 3, 5, 7

*In re Diamond Foods, Inc., Sec. Litig.*, 295 F.R.D. 240 (N.D. Cal. 2013) ....................... 7

*Lewis v. Rumsfeld*, 154 F. Supp. 2d 56 (D.D.C. 2001) ................................................ 5

*Thermal Dynamic Int'l, Inc. v. Safe Haven Enters., LLC*, No. 1:13-cv-00721,
 2016 WL 3023983 (D.D.C. May 25, 2016) ......................................................... 1

*U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*,
 238 F. Supp. 2d 270 (D.D.C. 2002) ................................................................ 7

Amalgamated Bank ("Amalgamated") respectfully submits this opposition to the State Teachers Retirement System of Ohio's ("STRS") motion for leave to file a sur-reply. (ECF 30).

I. **STRS'S MOTION FOR LEAVE TO FILE A SURREPLY SHOULD BE DENIED**

"The Local Rules of this Court contemplate that there ordinarily will be at most three memoranda associated with any given motion: (i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012) (citing D.D.C. L. Civ. R. 7). Sur-replies are "generally disfavored." *Thermal Dynamic Int'l, Inc. v. Safe Haven Enters., LLC*, No. 1:13-cv-00721, 2016 WL 3023983, at *3 (D.D.C. May 25, 2016). STRS bears the affirmative burden to "demonstrate good cause" for its sur-reply by "show[ing] that the reply filed by the opposing party raised new arguments that were not included in the original motion." *CFTC v. McGraw Hill Cos.*, 507 F. Supp. 2d 45, 49 n.3 (D.D.C. 2007). STRS's motion fails to show good cause because Amalgamated's reply makes no new arguments.

STRS's proposed sur-reply simply rehashes arguments already offered by STRS in its reply (ECF 28) in response to points raised in Amalgamated's opposition (ECF 25). Indeed, despite having submitted opening papers, an opposition, a reply, and now a proposed sur-reply, each with lengthy declarations and exhibits, STRS still has not provided any transparency, or evidence that the political contributions did not, in fact, influence the selection of counsel. Nor, despite attempting to take four bites at the apple, has STRS directly addressed the evidence of political contributions, or disputed that the political contributions by STRS's counsel do create the appearance that they influenced the appointment of STRS by DeWine.

Nevertheless, STRS argues that its motion is justified because: (1) Amalgamated's reply identified additional public political contributions by STRS's counsel, and lobbyist, to Ohio Attorney General DeWine ("DeWine"), as well as investigative news articles describing a culture

1

of pay-to-play in DeWine's appointment of outside counsel; and (2) Amalgamated cited to cases it "had not cited in" its opposition. (ECF 30-6 at 1-3). But STRS knew all the information relating to the political contributions and articles <u>before</u> it filed its opposition (ECF 27) and its reply (ECF 28). Amalgamated filed its opposition (ECF 25) four days before STRS's opposition was due and argued that the sole and critical reason it opposed STRS's motion for Lead Plaintiff was due to STRS's counsel's political contributions to DeWine.[1]

Indeed, in its opposition, Amalgamated requested that STRS disclose the facts underlying its counsel's political contributions and their effect on the selection of counsel. (ECF 25 at 5-6). This is information to which only STRS, its counsel, and DeWine have full access and knowledge, absent discovery. STRS, however, has refused to disclose any new information about STRS's counsel's political donations, or their influence on the counsel selection process in any of its submissions. STRS's refusal to afford transparency about facts within its control has compelled Amalgamated to lay out the public evidence concerning these issues.

Most importantly, STRS's proposed sur-reply does not, nor could it, deny any of the facts presented by Amalgamated. Nor does it address any of the articles that Amalgamated cited, let alone dispute or even engage with their content.[2] Instead, STRS glosses over the vast,

---

[1] Amalgamated filed its opposition on April 6, 2017, four days before it was due, to afford STRS ample time to explain its position in STRS's opposition. Instead of responding substantively, STRS waived that opportunity for briefing, claiming it would "address the issues in [Amalgamated's opposition] in a reply brief." (ECF 27 at 2). In accordance with the local rule 7(d) (which requires reply briefs to be filed within seven days after service of an opposition), STRS filed its reply (ECF 28) four days before Amalgamated's reply was due. STRS therefore had a second opportunity to provide transparency to the Court and the Class, which would have allowed Amalgamated sufficient time and occasion to consider and respond to STRS's record. STRS elected not to do so.

[2] STRS also could have responded to the articles in its opposition or reply, but did not. The key articles identifying the political contributions by outside counsel to DeWine were cited in Amalgamated's opposition. *Compare* Amalgamated opposition (ECF 25 at 4 n. 7-8 (citing articles)), *with* Amalgamated reply (ECF 29 at 11-13 (citing those articles and others by the same

unprecedented, and, indeed, uncontroverted record of political contributions by counsel to DeWine – claiming, among other things, that one of its counsel Murray Murphy Moul + Basil LLP ("MMMB") is beyond judicial review and ignoring the import that a lobbyist with close ties to DeWine was hired by proposed lead counsel Barrack Rodos & Bacine ("BR&B"). (ECF 30-1, at 8; *accord* ECF 28 at 9 n.4). The failure to explain why a Pennsylvania-based firm would be so politically active in Ohio, especially with the Attorney General, is telling.

Accordingly, STRS cannot plausibly claim it was disadvantaged by Amalgamated's reply. STRS had two opportunities, in its opposition and reply, to establish its own record and stake out its position – yet it refused to do just that. Amalgamated's reply raised no new matters. Now, STRS improperly seeks the last word and a third brief. *See Glass v. LaHood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011) (rejecting motion for sur-reply when movant "d[id] not claim that she was denied a full and fair opportunity to contest matters raised in the [movant's] reply papers," but rather sought to "further amplify" a previous position).[3]

---

authors)). Amalgamated's reply did cite additional articles (all easily accessible from public sources), after STRS refused to provide any information in its opposition and reply, as additional evidence of the breadth and extent of the political contributions and the culture of pay for play. But the additional articles did not raise different or new issues.

Similarly, Amalgamated's opposition identified the public databases from which the political contributions were identified. *Compare* Amalgamated opposition (ECF 25 at 4 (referencing Ohio Secretary of State website as the source for political contributions)), *with* Amalgamated reply (ECF 29 at 6 (referencing the same database)).

[3] STRS argues in its sur-reply that discovery relating to its counsels' political contributions is not justified here, citing to the Third Circuit's statement in *Cendant* that "evidence of campaign contributions, standing alone, does not create 'a reasonable basis' sufficient to justify party-conducted discovery." (ECF 30-1 at 3) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 270 (3d Cir. 2001)). The undisputed record here goes well-beyond the ordinary case of stand-alone campaign contributions, and discovery would be warranted. To be clear, however, the present record is more than sufficient to disqualify STRS without discovery.

### A. STRS's Sur-Reply Improperly Seeks to Rehash and Bolster Arguments STRS Already Made in Its Reply

STRS's sur-reply "improperly attempt[s] to bolster arguments already made in" its reply brief. *Bigwood v. U.S. Dep't of Def.*, 132 F. Supp. 3d 124, 154 (D.D.C. 2015). But "a sur-reply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties. Were that not true, briefing would become an endless pursuit." *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011). In *Crummey*, the court denied a plaintiff's motion for leave to file a sur-reply when a declaration attached to the defendant's reply supported the "same argument" made in the defendant's opening memorandum – an argument to which the plaintiff "responded, at some length, in his opposition." *Id*. The court further noted that the proposed sur-reply did not contest the facts in the declaration (except in a cursory "conclusory denial," *id*. at 63 n. 13), and concluded that the declaration "did not deprive [the opposing party] of a meaningful opportunity to respond." *Id*. at 63-64.

Here, the facts are even stronger in favor of denying STRS's motion. Amalgamated's reply did not raise any new issues or identify facts of which STRS was unaware or lacked notice. Perhaps as a result, STRS's proposed sur-reply is riddled with direct references to the arguments made in its reply brief. *See, e.g.*, ECF 30-1 at 5 ("STRS Ohio's Reply Brief demonstrated …"; "As STRS Ohio wrote in its reply brief…"). As a courtesy, Amalgamated provided STRS two opportunities to make its own record of the political contributions at the heart of Amalgamated's opposition. Amalgamated's entry of those facts into the record became necessary only when STRS chose to not provide them to the Class and the Court. And STRS's proposed sur-reply does not contest any of these facts, not even in conclusory fashion.[4]

---

[4] STRS's own cases are consistent with denying STRS's motion. As stated in *Lewis v. Rumsfeld*, the "standard for granting a leave to file a surreply is whether the party making the motion would be unable to *contest* matters presented to the court *for the first time* in the opposing party's reply."

STRS's proposed sur-reply makes additional improper points attempting to resurrect weak arguments it had already made in its reply. For example, Amalgamated's opposition cited to the Third Circuit's decision in *Cendant*. (ECF 25 at 3). STRS (ineffectually) attempted to distinguish that opinion in its reply, in part by including a lengthy discussion of the district court decision below. (ECF 28 at 6-7). Yet, STRS improperly seeks to use the sur-reply to try again.[5] (*See* ECF 30-1 at 2-4, 10).

B. **STRS's Proposed Sur-Reply Makes New Arguments and Injects New Facts**

Ironically, STRS seeks to use its sur-reply to address issues it did not address in its previous briefing. For instance, Amalgamated's opposition argued that STRS is inadequate because it is subject to unique arguments and defenses raised by STRS's counsel's political contributions "that may saddle the Class with unnecessary expense, risk, and distraction from recovery." *See, e.g*, ECF 25 at 2-3.[6] STRS failed to address this argument in its opposition and reply.

---

154 F. Supp. 2d 56, 61 (D.D.C. 2001) (emphasis supplied) (denying motion for sur-reply). STRS does not seek to "contest" the facts in Amalgamated's reply: it simply seeks further argument. In *Alexander v. Federal Bureau of Investigation*, plaintiffs were allowed a sur-reply to "refute" a "matter[] presented to the court for the first time" in reply, of which they were unaware and which went to the heart of the case. 186 F.R.D. 71, 74 (D.C. Cir. 1998). And in *Doe v. Exxon Mobil Corp.*, the court granted a sur-reply when the defendants included in their reply (i) a new, supplemental declaration from an expert on Indonesian law that raised issues for the first time, and (ii) dispositive arguments that defendants failed to raise in their initial motion to dismiss. 69 F. Supp. 3d 75, 85 (D.D.C. 2014).

[5] Aside from the impropriety of these arguments, STRS's claim that the *Cendant* decisions insulate it from scrutiny is incorrect. The Third Circuit observed that a "movant that was willing to base its choice of class counsel on political contributions instead of professional considerations would, it seems to us, have quite clearly demonstrated that it would 'not fairly and adequately protect the interests of the class.'" *Cendant*, 264 F.3d at 269. That the Third Circuit, under an abuse of discretion standard, affirmed the district court's decision that the unquantified evidence of contributions in that case was insufficient to disqualify a lead plaintiff movant is not comparable to the mountain of evidence presented by Amalgamated here.

[6] *See also* ECF 25 at 5 ("Even the 'appearance' that political campaign contributions or favor resulted in selection of counsel can disqualify a putative class representative, and burdensome discovery relating to that issue may distract from the merits of this action.").

STRS now seeks to remedy this deficiency with the new argument that Defendants will either ignore the political contributions, or that the cost and risk to the Class of litigating those issues will not "overshadow" the case. (ECF 30-1 at 11-12). This glosses over the Class's valid aversion to paying for, and bearing the risk of, such side-show litigation, and the Class's valid interest in un-conflicted counsel, free from the stain of apparent pay-to-play politics.

If STRS's obfuscation and unwillingness, or inability, to be transparent at the lead plaintiff stage is any indication as to how the issue will develop in discovery and at class certification, it is certainly bound to become a significant focus of the dispute with defendants. In any event, it is clearly improper for STRS to attempt via sur-reply to mitigate its failure in prior briefing to address Amalgamated's arguments. *DL v. Dist. of Columbia*, 109 F. Supp. 3d 12, 34 (D.D.C. 2015) (denying leave to file sur-reply when the movant had "ample opportunity to respond to [its] opponent's] criticisms").[7]

Similarly improper is STRS's effort to introduce new facts. STRS argues in its proposed sur-reply that the certification by the court of the class in *Basile v. Valeant Pharm. Int'l, Inc.*, No. 8:14-cv-02004 (C.D. Cal. Mar. 15, 2017), a matter in which MMMB purportedly serves as special counsel to STRS, somehow supports the appointment of STRS here. (ECF 30-1 at 2 n. 1, and 11). The introduction of this new fact should be disregarded out-of-hand as procedurally improper. *See Gonzalez-Vera v. Townley*, 83 F. Supp. 3d 306, 315 (D.D.C. 2015) ("[T]he point of a surreply is to allow a party to *respond* to an opponent's new facts and arguments—not to unearth facts and arguments never before raised") (emphasis in original). Regardless, what is clear from a review of the public *Basile* docket is that MMMB was <u>not</u> on STRS's lead plaintiff moving papers and

---

[7] STRS also ignores the recent *Orbital* case, referenced in Amalgamated's reply, in which defendants intervened at the lead plaintiff stage to inform the court they would pursue allegations of pay-to-play that were much weaker than the undisputed record here. (ECF 29 at 21-22).

only appeared later in the case.[8] Thus, MMMB avoided scrutiny from the Class and the court at the only stage in which such inquiry is possible for the Class. *Basile* is, therefore, inapposite.

### C. STRS's Attempts to Distinguish Cases Do Not Justify a Sur-Reply

Finally, STRS indicates that it is justified in filing a sur-reply because Amalgamated cited additional cases in its reply. (ECF 30-6 at 2-3). However, STRS does not assert that these cases raise any new issues or principles of law that were not already raised in Amalgamated's opposition. They do not. Distinguishing cases in a reply supporting issues already raised in an opposition is not a valid basis for a sur-reply. *See U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002) ("[T]he Court doubts that the existence of statutory or case law can ever be 'new matter' so as to permit the filing of a surreply"). "[T]he Court is more than capable of ascertaining the merits of the parties respective positions on its own." *Crummey*, 794 F. Supp. 2d at 63. The cases Amalgamated cited in its opposition squarely addressed the principles at issues concerning the requirement of adequate and conflict-free representation of the Class. (*See* ECF 25 at 3 (quoting *In re Diamond Foods, Inc., Sec. Litig.*, 295 F.R.D. 240, 256-57 (N.D. Cal. 2013), and citing *Cendant*, 264 F.3d at 270 n.49)).

## II. CONCLUSION

STRS's motion for a sur-reply is an attempt to have the last word after lying in wait, avoiding disclosure, and denying transparency in the hope that Amalgamated would not uncover the true facts. For the reasons set forth above, Amalgamated respectfully requests that the Court deny STRS's Motion (ECF No. 30).

---

[8] *Compare* Reply Mem. P. & A. Supp. Mot. of Ohio STRS & IPERS for App't as Lead Pl. & Approval of Selections of Co-Lead Counsel at 10-11, *Basile* (Mar. 9, 2015), ECF No. 33 (MMMB does not appear on signature block), and Order Appt'g Lead Pl., Basile (May 5, 2015), ECF No. 57 (making no mention of MMMB), *with* Am. Compl., *Basile* (June 26, 2015), ECF No. 60 (MMMB appears on signature).

Dated: May 5, 2017					Respectfully submitted,

											**BLEICHMAR FONTI & AULD LLP**


											*/s/ Wilson M. Meeks III*
											Wilson Meeks (D00334)
											Javier Bleichmar (*pro hac vice* to be filed)
											Joseph Fonti (*pro hac vice* to be filed)
											Robyn R. English (D00406)
											7 Times Square, 27th Floor
											New York, New York 10036
											Telephone: (212) 789-1340
											Facsimile: (212) 205-3960
											wmeeks@bfalaw.com
											jbleichmar@bfalaw.com
											jfonti@bfalaw.com
											renglish@bfalaw.com

**LAW OFFICES OF**									Lesley E. Weaver (*pro hac vice* to be filed)
**SUSAN R. PODOLSKY**									1999 Harrison Street, Suite 670
Susan R. Podolsky (D.C. Bar No. 415990)							Oakland, California 94612
1800 Diagonal Road, Suite 600								Telephone: (415) 445-4003
Alexandria, Virginia 22314								Facsimile: (415) 445-4020
Telephone: (571) 366-1702								lweaver@bfalaw.com
Facsimile: (703) 647-6009
spodolsky@podolskylaw.com

*Liaison Counsel for Amalgamated Bank*							*Counsel for Amalgamated Bank*
*and [Proposed] Liaison Counsel for the*						*and [Proposed] Lead Counsel for the Class*
*Class*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the registered participants. Executed on May 5, 2017.

*/s/ Wilson M. Meeks III*
Wilson Meeks (D00334)