# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PATRICIA A. SHENK, et al., | : | HON. DABNEY L. FRIEDRICH |
| Plaintiffs, | : | CASE NO. 1:17-CV-00145-DLF |
| v. | : | |
| MALLINCKRODT PLC, | : | CLASS ACTION |
| MARK TRUDEAU, | : | |
| MATTHEW K. HARBAUGH, and | : | JURY TRIAL DEMANDED |
| HUGH O'NEILL, | : | |
| Defendants. | : | |

**UNOPPOSED MOTION OF LEAD PLAINTIFF, STATE TEACHERS RETIREMENT SYSTEM OF OHIO, FOR LEAVE TO ISSUE DOCUMENT PRESERVATION SUBPOENAS**

Court-appointed Lead Plaintiff, State Teachers Retirement System of Ohio ("STRS Ohio"), by its counsel, moves for leave to issue document preservation subpoenas directing certain identified non-parties to preserve, but not currently produce, certain materials STRS Ohio believes may be relevant, and in support thereof, states as follows:

1. STRS Ohio filed its Consolidated Class Action Complaint ("Complaint") in this securities action on May 18, 2018. Under the Court's Scheduling Order, Defendants all have until July 17, 2018 to respond to the Complaint by answer or motion.

2. Based upon conversations with defense counsel, Lead Counsel understand that the defendants in this action intend to move to dismiss the Complaint rather than file an answer to it.

3. Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), absent a Court order, there is an automatic stay of discovery during the pendency of a motion to dismiss.

Moreover, while defendants have a statutory obligation to preserve documents, data compilations (including electronically recorded or stored data), and tangible objects in their custody or control that are relevant to the allegations of a complaint in a securities case, that obligation does not extend to non-parties. 15 U.S.C. § 78u-4(b)(3)(C)(i).

4. Based upon Lead Counsel's investigation, Lead Plaintiff believes that there are at least two groups of non-parties that possess pertinent documents that may be highly material to the proof of Lead Plaintiff's claims that needs to be preserved for subsequent discovery in the event discovery proceeds following a decision on Defendants' motions to dismiss.

5. The first group consists of various affiliated Novartis entities: Novartis AG, Novartis Pharma AG and Novartis Pharmaceuticals Corporation (collectively "Novartis"), because Novartis entered into a licensing agreement in 2013 with Questcor, the predecessor, and now a subsidiary, of Mallinckrodt, concerning Synacthen.

6. The second group consists of Retrophin, Inc. and Retrophin LLC (collectively "Retrophin"), which was one of the unsuccessful bidders for the Synacthen license at the same time.

7. The Complaint alleges that in 2013 Questcor obtained U.S. development rights, along with certain foreign production and distribution rights, to Synacthen by outbidding at least three other bidders to prevent them from developing Synacthen as a competitor in the United States to Questcor's primary product, H.P. Acthar Gel, even though the competing bidders, including Retrophin, were prepared to do so. *See, e.g.*, Complaint at ¶¶16-19, 32.

8. Each of these entities is a large corporation that may be expected to have standard document retention policies that may involve the disposal of written documents or the overwriting or disposal of electronic files after the passage of time.

9. Given the passage of time between these events and the present, there is a genuine risk that some or all of these materials in the hands of Novartis and Retrophin that may currently exist may not be preserved so that they can be discovered in the event discovery proceeds following a decision on Defendants' motions to dismiss.

10. Under similar circumstances, federal courts presiding over securities class actions have routinely issued orders authorizing plaintiffs to serve document preservation subpoenas upon non-parties obligating them to preserve, but not currently produce, certain relevant discoverable materials. *See, e.g., In re Refco, Inc.*, 2006 WL 2337212, *5 (S.D.N.Y. Aug. 8, 2006) ("courts have generally permitted plaintiffs in PSLRA actions to issue subpoenas that give specified third parties notice of the action and impose upon them only a duty to preserve certain relevant evidence in their possession") (internal quotation marks omitted). As another court similarly explained, allowing the service of document preservation subpoenas:

> would further Congress' intent by subjecting relevant evidence to a "stay put" directive whether in the hands of the parties, or in those of third-parties, but would not allow the Plaintiff to engage in discovery until such time as the District Court should rule on the Motion to Dismiss in a way that would warrant an enforcement of the Subpoenas.

*In re Grand Casinos, Inc. Sec. Litig.*, 988 F. Supp. 1270, 1272 (D. Minn. 1997). *See also Koncelik v. Savient Pharm., Inc.*, 2009 WL 2448029, *1 (S.D.N.Y. Aug. 10, 2009) (plaintiff made requisite showing for issuance of document preservation subpoenas when subpoenas are directed at specific persons and identify specific types of evidence that fall within their scope, even when "the preservation subpoenas plaintiff expects to serve on these companies are broad [because] they required only the preservation of documents, not the documents' actual production").

11. Lead Plaintiff seeks leave of Court to issue subpoenas requiring Novartis and Retrophin to preserve – but not produce – certain identifiable documents pending this Court's

disposition of Defendants' anticipated motions to dismiss. This would be without prejudice to the right to object to the production of any documents in the event discovery proceeds following a decision on Defendants' motions to dismiss. Copies of the proposed document preservation subpoenas to Novartis and Retrophin are attached as Exhibits "A" and "B" respectively to this motion.

12. By granting this motion, the Court will preserve the status quo, without prejudicing any party.

13. Lead Counsel has met and conferred with counsel for Defendants. Defendants have advised that they do not believe the proposed preservation subpoenas are necessary or warranted in light of the circumstances needed to overcome the mandatory PSLRA stay, nor do the Defendants agree that the scope of the proposed subpoenas is appropriate. However, Defendants further advise that they do not oppose the relief sought in this motion in the interest of agreeing to an efficient resolution of Lead Plaintiff's requests, but such position is without prejudice to — and Defendants reserve all rights with respect to — any position they may take regarding future requests or any other discovery issues or their rights to object or to seek to impose conditions upon the discovery of any of these materials in the event discovery proceeds.

WHEREFORE, Lead Plaintiff respectfully requests that this Court issue the attached proposed Order authorizing the issuance and service of the document preservation subpoenas.

                        **BARRACK, RODOS & BACINE**

                        By: /s/ *Mark R. Rosen*
                        Mark R. Rosen (Bar No. 336065)
                        Leonard Barrack
                        Jeffrey W. Golan
                        Jeffrey B. Gittleman
                        Julie B. Palley
                        3300 Two Commerce Square

2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
mrosen@barrack.com
lbarrack@barrack.com
jgolan@barrack.com
jgittleman@barrack.com
jpalley@barrack.com

*Attorneys for Lead Plaintiff, the State Teachers Retirement System of Ohio and Lead Counsel for the Class*

-and-

**MURRAY MURPHY MOUL + BASIL LLP**
Brian K. Murphy
Joseph F. Murray
Geoffrey J. Moul
1114 Dublin Rd.
Columbus, OH 43215
Telephone: (614) 488-0400
Facsimile: (614) 488-0401
murphy@mmmb.com
murray@mmmb.com
moul@mmmb.com

*Special Counsel for State Teachers Retirement System of Ohio*